IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                ) | CRIMINAL NO. 2:13CR20025-001 |
| ) | |
| JAMES J. SULLIVAN                  ) | |

### PRELIMINARY ORDER OF FORFEITURE

On April 24, 2013, a Grand Jury sitting in the Western District of Arkansas returned an Indictment against the Defendant, charging him with one count of having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessed a firearm, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and a forfeiture allegation.

In the forfeiture allegation of the Indictment, the United States seeks forfeiture, pursuant to Title 18 U.S.C. § 924(d), and 3665, of

1. Argentine, FAL-type, 7.62x51mm caliber firearm, serial number 1100
2. Any ammunition

as property involved in, or used to facilitate the offense.

On June 13, 2013, the United States sought to also forfeit the MP-40 type, 9mm Luger caliber machinegun, with no manufacturer's markings or serial number by filing a Bill of Particulars.

On July 16, 2013, the Defendant pleaded guilty to the Indictment. Pursuant to the agreement among the parties, the Defendant agreed to forfeit all rights, title and interest to:

1. MP-40 type, 9mm Luger caliber machinegun, with no manufacturer's markings or serial number that was seized during the Defendant's arrest;

2. Argentine, FAL-type, 7.62x51mm caliber firearm, serial number 1100; and

    3.    All seized ammunition.

The Defendant acknowledges that all property covered by the Indictment and the Bill of Particulars is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

By affixing his signature hereto, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such order will be considered final as to Defendant's interests in the property(ies). The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

By affixing his signature hereto, the Defendant has agreed to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in this case, including that the forfeiture constitutes an excessive fine or punishment.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

    A.    MP-40 type, 9mm Luger caliber machinegun with no manufacturer's markings or serial number;
    B.    Argentine, FAL-type, 7.62x51mm caliber firearm, serial number 1100; and
    C.    Any seized ammunition.

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 16 day of July, 2013.

*P.K. Holmes*

HONORABLE P.K. HOLMES III
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

*James J. Sullivan*
James J. Sullivan, Defendant

*James Pierce*
James Pierce, Counsel for Defendant

*Benjamin Wulff*
Benjamin Wulff, Assistant U.S. Attorney